IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN MARENTES,

      **Plaintiff,**

v.                                                        CIV. No. 99-560 LH/DJS

DEPARTMENT OF CORRECTIONS, et al.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on two motions that object to orders entered in this case by Magistrate Judge Svet, and ask this Court to overrule these prior orders. These motions are Defendant Marvin Martinez's Objections to Magistrate's Order of January 24, 2000 Upon Plaintiff's Motion for Protective Order (Docket No. 93), and Defendant Marvin Martinez's Objections to Magistrate's Order of January 26, 2000 Denying Defendant's Motion to Compel (Docket No. 98). The effect of both of these orders is to prevent the Defendants from asking any questions about Plaintiff's sexual, medical or psychological history, except if they directly involve behavior that occurred on duty, at the workplace, or with one of the Defendants. The Court, having considered the briefs of the parties and being fully advised in the premises, concludes that Defendant's objections are not well taken and will be overruled. Accordingly, the magistrate judge's orders of January 24 and 26, 2000 (Docket Nos. 77 and 82) are **affirmed**.

**Standards for Motions under FED.R.CIV.P. 72(a)**

This Court reviews a magistrate's order under the terms of 28 U.S.C. § 636 and FED.R.CIV.P. 72(a). Rule 72 mandates that a magistrate's order will not be modified or set aside in any way unless it is found to be clearly erroneous or contrary to law. *See also Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461-62 (10th Cir. 1988); *Comeau v. Rupp*, 142 F.R.D. 683, 684 (D.Kan. 1992). The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues. Under this standard, the Court must affirm the decision of the magistrate unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464. "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D.Kan.1991). "Courts have consistently found routine discovery motions to be 'non-dispositive' within the meaning of Rule 72(a)." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). Because Defendant objects to Judge Svet's non-dispositve rulings with regard to discovery, his rulings are subject to review according to the above standards.

**Discussion**

This lawsuit alleges violations of the First and Fourteenth Amendment and makes claims under Title VII. Specifically, Count I alleges Title VII sexual harassment in the form of both *quid pro quo* and hostile work environment. Count I further alleges that Plaintiff was denied her equal protection rights due to discrimination and retaliation against her because of her gender. Count II is entitled "Title VII Sexual Harassment (Retaliation)". Count III alleges violations of Plaintiff's equal protection rights and first amendment rights of free speech. Plaintiff claims loss of income,

loss of benefits, damage to professional reputation and embarrassment. She has abandoned any claims of emotional distress or physical damage alleged in the complaint. (Docket No. 22).

Judge Svet first entered an order on January 24, 2000, dealing specifically with the sexual history issue. This order was written in response to Plaintiff's motion for protective order (Docket No. 77). In that motion, Plaintiff sought a protective order mandating that Defendants' inquiry into her sexual history for the purposes of damages and harm be made only through Plaintiff's expert, and that Defendants be prohibited from pursuing discovery into her sexual history unless it was sexual activity that occurred on duty, at the work place, or with one of the Defendants. Judge Svet granted the latter part of Plaintiff's request, effectively limiting discovery of her sexual history to the three circumstances set forth above. As discussed more fully below, I agree with Judge Svet that Plaintiff's sexual history is not relevant to the issue of whether or not she perceived her working environment as hostile, nor is it relevant to the objective component of the applicable standard for establishing a hostile environment. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993). I further agree that Defendants should not be allowed to inquire into Plaintiff's sexual history except for incidents and behavior that occurred on duty, at the work place, or with one of the Defendants. This January 24, 2000 order will be affirmed.

Judge Svet next entered an order addressing Defendant's motion to compel (Docket No. 82). In this motion, Defendant sought to compel Plaintiff to answer questions and to produce documents regarding her psychological, medical, and sexual history. In the order denying this relief, Judge Svet noted some of the following discovery history relating to these areas of discovery (Docket No. 82). Prior to the motion currently under consideration, Judge Svet had denied Defendant's motion to compel Plaintiff to answer interrogatories and request for

3

production seeking information in this same vein. Judge Svet had also limited Defendants' inquiry into Plaintiff's sexual history to incidents and behavior that occurred on duty, at the work place, or with one of the Defendants. Judge Svet indicated that discovery regarding Plaintiff's medical and sexual history had been so limited "because Plaintiff has expressly abandoned all claims of emotional or physical distress due to the alleged harassment by Defendants. Plaintiff's claims are limited to loss of income and benefits and damage to her reputation." (*See Id.* at 2). Judge Svet indicated that in deciding upon these limitations, he relied on the protection at trial and during discovery afforded sexual history by FED.R.EV. 412. He also indicated that Plaintiff's medical history was not relevant to the issues of the applicable burden of proof in a hostile environment case, for her sexual harassment claims relating to her professional reputation or loss of income; consequently he concluded that production of these records was appropriately limited pursuant to FED.R.CIV.P. 26(c). Judge Svet concluded that Defendant's argument that Plaintiff waived any privilege that she might claim regarding these matters was "misplaced", because his limitation of discovery was premised upon relevance and not upon an evidentiary privilege analysis.

Defendant's object to Judge Svet's conclusion of irrelevance and argue that all of Plaintiff's medical and psychological records, as well as all matters concerning her sexual history, from January 1995 to December of 1997 are relevant. Defendant offers basically these four arguments: 1) the records are relevant to the defense claims that the allegations of harassment are not objectively reasonable and that it was Plaintiff who created the hostile environment; 2) the records themselves contain admissions against interest and objective observations detrimental to the Plaintiff; 3) Plaintiff has waived her objection; and 4) the records demonstrate acts by Plaintiff which in themselves are damaging to her reputation and they explain why she is viewed

4

by lay people as a "psycho". Defendant argues that Plaintiff's allegations in this lawsuit fit a pattern of distorted perception and aggressiveness. Defendant contends that he needs production of Plaintiff's medical and psychological records so that his expert psychologist, Will Matthews, will be able to assess Plaintiff's ability to accurately and objectively report claims of sexual harassment and sexual discrimination.

Defendant correctly states that, in order to be actionable under Title VII, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *Harris v. Forklift Systems, Inc.*, 510 U.S. at 21-22, *cited in Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). This standard is designed to be applied by the trier of fact. Defendant argues that Plaintiff's ability to perceive, as well as the motive and reason for her allegations, are partially contained in her psychological, medical and sexual history, and that this history is crucial to his defense. To the contrary, under this standard, the applicable defense is that his actions, and the environment within which Plaintiff worked, would not cause a reasonable woman to feel harassed or that she was in a hostile working environment. If the facts alleged and proven by the perceiver would not cause a reasonable woman to feel harassed or that she was in a hostile working environment, then the Plaintiff's claim will fail. Obviously, it is Plaintiff's perception that Defendant's actions caused her to feel harassed; whether a reasonable woman would have felt harassed by those actions is for the jury to decide.

Plaintiff has already provided some psychological records, which Defendant states demonstrate that Plaintiff was obsessive, impulsive, subject to panic attacks and marked anxiety.

Unlike the *Hodges v. Keane* case[1] cited by Defendant, there is no basis here to infer that Plaintiff's mental, psychological or sexual history is relevant either to the extent of her past pain and suffering, or to the cause--i.e., to the very existence of the claimed violations. In *Hodges*, the court compelled a plaintiff inmate to undergo a psychiatric examination, when presented with records that plaintiff had a paranoid-schizophrenic condition that could impair his ability to perceive and evaluate the actions of others. In this case, there is no basis to infer that Plaintiff suffers from a mental condition that impairs her ability to perceive and evaluate the actions of others. Unlike the *Hodges* case, I have no compelling documentary evidence sufficient for me to exercise my discretion as Defendant requests, and I will not allow a wholesale inquiry invading Plaintiff's privacy in this way, when there is no relevant reason to do so.

Likewise, contrary to Defendant's arguments, it is too attenuated to conclude that medical and psychological records would explain why a lay person would label Plaintiff as a "psycho" and a "bitch" and why Plaintiff may have had work performance problems. Finally, Defendants state that access to these records would give them the ability to explain Plaintiff's motives and mind set in bringing this lawsuit. This is pure speculation, and again, I doubt the relevance of such an approach.

In summary, I agree with all of Judge Svet's conclusions on the lack relevance of the records that Defendants seek, even those not specifically addressed in this Memorandum Opinion and Order. Although Defendant vaguely states that these two orders are clearly erroneous and contrary to law, he cites no law that has been misapplied or misinterpreted. An abuse of discretion occurs only when the court based its decision on an erroneous conclusion of law or

---

[1] 145 F.R.D. 332 (S.D.N.Y. 1993)

where there is no rational basis in the evidence for the ruling. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). As set forth above, both of Judge Svet's rulings are well founded in law, logic and fact, they do not constitute an abuse of discretion, and shall be affirmed.

**WHEREFORE**, for the reasons stated above, Defendant Marvin Martinez's Objections to Magistrate's Order of January 24, 2000 Upon Plaintiff's Motion for Protective Order (Docket No. 93), and Defendant Marvin Martinez's Objections to Magistrate's Order of January 26, 2000 Denying Defendant's Motion to Compel (Docket No. 98) are not well taken and will be overruled. The magistrate judge's orders of January 24 and 26, 2000 (Docket Nos. 77 and 82) are **affirmed.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**