UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOAN MARENTES,

      Plaintiff,

vs.                                                    CIV 99-0560 KBM/DJS – ACE

NEW MEXICO DEPARTMENT OF CORRECTIONS;
MARVIN MARTINEZ, in his individual and official
capacities as an agent of his employer; DAVID L. DILLON,
in his individual and official capacities as an agent
of his employer; MILDRED SANCHEZ, in her individual
and official capacities as an agent of her employer; and,
KEVIN DOOLEY, in his individual and official capacities
as an agent of his employer;

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of various motions for summary judgment. On September 19, 2000, I heard the arguments of counsel and requested supplemental briefing from the parties on the Section 1983 Equal Protection Claims and the qualified immunity issues. Previous submissions were voluminous and made it extremely difficult to sift through what constituted mere allegations or characterizations rather than admissible evidence.

      Following the hearing, the parties submitted supplemental briefs and Defendants filed a motion for reconsideration of rulings I made at the hearing. Now the issues and evidence have been crystallized for my consideration. I find that although there are some factual issues in dispute, they are not sufficiently material to preclude the entry of summary judgment for the

individual defendants on all 42 U.S.C. § 1983 and Title VII claims based on allegations of gender discrimination. The individuals defendants are also entitled to summary judgment on the First Amendment claim under § 1983.

### Section 1983 – Alleged Fourteenth Amendment Violations

At the hearing held September 18, 2000, I ruled that the defendants were entitled to summary judgment on Plaintiff's Section 1983 claims alleging retaliation based upon exercise of her First Amendment rights. I specifically found, and still find, that Plaintiff's speech did not involve a matter of public concern under *Pickering v. Board of Education*, 391 U.S. 563 (1968).

Plaintiff contends that she has produced sufficient evidence under Section 1983 to justify a trial on her claims that she was subjected to a hostile environment and negative employment actions on the basis of her gender. A careful analysis of the submitted evidence in the light most favorable to Ms. Marentes, however, dictates a contrary result.

Defendant is willing to concede for purposes of this motion that in 1995 he suggested a sexual encounter to Ms. Marentes during non-work hours at a bar known as Midnight Rodeo. The proposition took place at a time when Defendant Martinez was assigned to a different office than the one where Ms. Marentes was then working. In essence, Ms. Marentes asserts that Defendant Martinez

> acted towards Plaintiff in a demeaning and unprofessional manner after she rejected his sexual advances. He was a 'spurned suitor' who used his position over plaintiff to create an abusive work environment.

*Plaintiff's Supp. Brief at 4.* However, it is undisputed that there has never been any testimony that Ms. Marentes' job or benefits were conditioned on her submission to engage in a sexual

relationship with Defendant Martinez. The only proposition by Martinez to Ms. Marentes occurred two years before he became her supervisor.

Plaintiff argued at the hearing that Mr. Martinez had told Ms. Marentes that her job was in jeopardy for having objected to this sexual advance. However, having carefully scrutinized the admissible evidence, I find that in actuality this exchange can reasonably only support evidence of a retaliatory, not gender-based, motive. Viewed in the proper context in which it was uttered, Mr. Martinez' caution against jeopardizing her job solely referred to the rumor that Plaintiff intended to file a charge of employment discrimination against him. Indeed, Plaintiff testified that when Virgil Garcia, the EEO Officer who investigated the charge, asked her if Mr. Martinez had asked for any sexual favors while he had been her region manager, Ms. Marentes "stated he had not." *Plaintiff's Depo. at 159.* Thus, it appears that Plaintiff's mischaracterization was a last ditch effort to inject sufficient evidence to support a finding of gender-based discrimination which would be required for her Section 1983 equal protection claims to survive.

Furthermore, with the exception of a single comment by Defendant Dillon,[1] Plaintiff fails to point to evidence that the other individual Defendants' motive for their alleged "hostile" and "different" treatment of Ms. Marentes was because she is a woman. Plaintiff asserts that as Mr. Martinez' subordinates, they were pawns in carrying out his unlawful purposes. If that was the case, their purpose would also be to retaliate against Marentes for engaging in protected activity under Title VII, not because of her gender. Having determined the absence of gender-based animus as a matter of law, defendants are entitled to summary judgment in their favor on the basis

---

[1] Dillon is reported to have told Plaintiff that he had a dream about her that his wife probably wouldn't have appreciated.

that no constitutional violation occurred. Therefore, I need not address defendants' assertion of qualified immunity.

## Reconsideration of the Title VII Claims

As stated above, Plaintiff has failed to produce sufficient evidence from which a reasonable person could conclude that defendants' actions were gender-based. Therefore, the Title VII claims based on sex discrimination must likewise fail for failure of proof on the element of gender-based animus. Thus, summary judgment will be entered for Defendant Department of Corrections on the sexual harassment and discrimination claim brought pursuant to Title VII. The Court will take under advisement the motion for reconsideration as to the Title VII retaliation claim and address it as soon as possible.

Wherefore,

IT IS ORDERED that summary judgment is **GRANTED** in favor of all defendants on Plaintiff's § 1983 claims and also on her Title VII gender-based discrimination claims.

*Karen B Molzen*
**UNITED STATES MAGISTRATE JUDGE**

Counsel for Plaintiff: Carolyn M. Nichols & Shannon L. Oliver

Counsel for Defendants Department, Dooley, Dillon, and Sanchez: Elizabeth L. German

Counsel for Defendant Martinez: Mark S. Jaffee